UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                  Case No. 8:21-cv-1357-AAS

**SALI HADLEY,**

      **Defendant.**
_____/

## ORDER

Defendant Sali Hadley moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 16). Plaintiff United States opposes Ms. Hadley's motion. (Doc. 18).

### I.  BACKGROUND

The United States sued Ms. Hadley to enforce non-willful civil penalties assessed against Ms. Hadley for failing to timely report her financial interest in foreign bank accounts, as required by the Bank Secrecy Act, 31 U.S.C. § 5311, *et seq.*, and implementing regulations. (Doc. 1). In Ms. Hadley's answer and affirmative defenses, she alleges that the penalties were not properly assessed. (Doc. 11).

The Bank Secretary Act directs the Secretary of the Treasury to require a United States citizen to keep records and file reports, when the resident,

1

citizen, or person makes a transaction or maintains a relation with a foreign financial agency. *See* 31 U.S.C. § 5314(a). Each year, the person must report each foreign financial account in his or her Report of Foreign Bank and Financial Accounts (FBAR).[1] "The Secretary of the Treasury may impose a civil money penalty on any person who violates, or causes any violation of, any provision of section 5314," not to exceed $10,000. *See* 31 U.S.C. § 5321(a)(5)(A), (a)(5)(B)(i).

According to the complaint, the Internal Revenue Service (IRS) discovered Ms. Hadley failed to identify her interests in eighteen foreign accounts she held in 2011 and in five foreign accounts she held in 2012. (Doc. 1). The IRS imposed a penalty of $230,000, representing $10,000 for each of Ms. Hadley's twenty-three failures to identify her interest in a foreign account. (*Id.* at p. 5).

Ms. Hadley now requests judgment in her favor that for the 2011 and 2012 calendar years, the penalty for failing to report is capped at $10,000 per yearly FBAR—not $10,000 per undisclosed foreign account. (Doc. 16). In response, the United States contends a proper application of 31 U.S.C. § 5321, and its implementing regulations, directs that the penalty for violating the

---

[1] The FBAR must include: (1) the identity and address of participants in a transaction or relationship; (2) the legal capacity in which a participant is acting; (3) the identity of the real parties in interest; and (4) a description of the transaction. *See* 31 U.S.C. § 5314(a)(1)-(4).

statute is $10,000 per undisclosed interest in a foreign account. (Doc. 18).

## II. LEGAL STANDARD

A party may move for judgment on the pleadings after all parties submit their pleadings. Fed. R. Civ. P. 12(c). The standard for deciding motions for judgment on the pleadings under Rule 12(c) is the same for motions to dismiss under Rule 12(b)(6): "whether the count stated a claim for relief." *Sun Life Assur. Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018) (citations omitted).

A complaint must include enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must accept all factual allegations in the complaint as true and view the facts in the light most favorable to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citations omitted); *Cunningham v. Dist. Att'y's Off. for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted). Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the pleadings. *Cunningham*, 592 F.3d at 1255 (quotation and citation omitted).

## III. ANALYSIS

The court must determine whether the penalty for a non-willful violation of 31 U.S.C. § 5314 applies on a per-account (referring to individual interest in foreign bank accounts maintained during a calendar year) or on a per-form

3

basis (referring to the FBAR form itself). This question has not yet been decided by the Eleventh Circuit.[2]

The IRS assessed civil penalties against Ms. Hadley in the amount of $230,000 — $10,000 per each undisclosed foreign account. Under 31 U.S.C. § 5321(a)(5), the Secretary of the Treasury may "impose a civil money penalty on any person who violates, or causes any violation of, any provision of section 5314." The statute does not define "violation." However, the implementing regulation, 31 C.F.R. § 1010.350, entitled "Reports of foreign financial accounts," provides:

> (a) In general. Each United States person having *a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship* to the Commissioner of Internal Revenue for each year in which such relationship exists and shall provide such information as shall be specified in a reporting form prescribed under 31 U.S.C. 5314 to be filed by such persons. The form prescribed under section 5314 is the Report of Foreign Bank and Financial Accounts (TD–F 90–22.1), or any successor form.

31 C.F.R. § 1010.350(a) (emphasis added).[3] Thus, Section 1010.350 places the

---

[2] This issue was recently considered by the Fifth Circuit, which reversed a district court's conclusion that Congress's use of "violation" referred to the regulatory requirement to disclose the required information on a single yearly form. *United States v. Bittner*, 19 F.4th 734, 745 (5th Cir. 2021) ("By authorizing a penalty for any violation of [ ] any provision of section 5314, as opposed to the regulations prescribed under section 5314, section 5321(a)(5)(A) most naturally reads as referring to the statutory requirement to report each account – not the regulatory requirement to file FBARs in a particular manner.").

[3] 31 C.F.R. § 1010.350 lists "reportable accounts" as "bank account" "securities account," and other financial accounts. *See* 31 C.F.R. § 1010.350(c)(1)-(4).

duty of reporting on the persons' *foreign account relationships*. *Id.* Indeed, this account-specific language continues throughout the implementing regulations. *See* 31 C.F.R. §§ 1010.350(c)(1)–(4), 1010.350(e)(1)–(3).

"[T]he key is the *reporting of foreign financial relationships* to the IRS; the reporting *form* operates as the vehicle through which the citizen discloses the financial relationship to the IRS, but the requirement to submit a form to reflect that information does not alter the substantive nature of the underlying duty to report financial interests/relationships to the IRS." *United States v. Solomon by & through Solomon*, No. 20-82236-CIV, 2021 WL 5001911, at *7 (S.D. Fla. Oct. 27, 2021) (emphases in original). The regulations distinguish the substantive obligation to disclose each account from the procedural obligation to file the appropriate reporting form. *United States v. Bittner*, 19 F.4th 734, 745 (5th Cir. 2021) (citing *United States v. Boyd*, 991 F.3d 1077, 1088 (9th Cir. 2021) (Ikuta, J., dissenting)).[4]

The term "violation" in 31 U.S.C. § 5321(a)(5)(A) is not the procedural failure to file an FBAR form. *See United States v. Jan Stromme*, No. 1:20-cv-24800-UU (S.D. Fla. January 25, 2021) (Doc. 18, p. 3) ("[E]ach unreported relationship with a foreign financial agency constitutes an FBAR violation.").

---

[4] The Fifth Circuit in *Bittner* and the United States District Court for the Southern District of Florida in *Solomon* followed the views of Judge Ikuta in her dissenting opinion in *Boyd*.

5

Instead, under the statutory duty imposed in Section 5314 and the implementing regulations, the meaning of the term "violation" is failing to report each foreign financial account relationship. The complaint alleges Ms. Hadley committed twenty-three such "violations," thus authorizing the government's imposition of $230,000 in total penalties.[5]

## IV.   CONCLUSION

The reporting requirement mandated by 31 U.S.C. § 5314 applies to each foreign account maintained, and each failure to report such account is a separate violation of § 5314. Thus, Ms. Hadley's motion for judgment on the pleadings (Doc. 16) is **DENIED**.

**ORDERED** in Tampa, Florida on March 28, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[5] The court acknowledges there is contrary authority on this issue. *See United States v. Boyd*, 991 F.3d 1077, 1085 (9th Cir. 2021); *United States v. Kaufman*, 3:18-CV-00787 (KAD), 2021 WL 83478, **8-11 (D. Conn. Jan. 11, 2021); *United States v. Giraldi*, CV202830SDWLDW, 2021 WL 1016215, *5 n.8 (D.N.J. Mar. 16, 2021).