UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No. 21-cv-1357 |
| ) | |
| v. ) | |
| ) | |
| SALI HADLEY, ) | |
| f/k/a SALI DALTON, ) | |
| ) | |
| Defendant. ) | |

**FINAL JUDGMENT**

Pursuant to the Court's Order of March 28, 2022 (Doc. 23), and pursuant to the stipulation of the parties as to all other issues in this action, it is **ORDERED** that judgment is entered in favor of the United States and against the defendant, Sali Hadley, in the amount of $245,839.25 as of June 1, 2020, for penalties assessed under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties and associated fees, plus further interest and statutory additions thereon as allowed by law from June 1, 2020, to the date of payment.

By stipulating to the form, but not to the substance, of this judgment, Ms. Hadley does not concede the legal issue decided in the Court's Order of March 28, 2022 (Doc. 23) and, pursuant to *Dorse v. Armstrong World Indus., Inc.*, 798 F.2d 1372 (11th Cir. 1986), *certified question answered*, 513 So. 2d

1

1265 (Fla. 1987),[1] Ms. Hadley expressly reserves her right to appeal (including but not limited under 28 U.S.C. § 1291) it (i.e. the March 28th order) at the appropriate time. The United States expressly acknowledges that Ms. Hadley's right(s) to appeal are preserved and not waived, *see Dorse, supra*, that Ms. Hadley remains adverse to this final judgment, *see OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1358 (11th Cir. 2008), that Ms. Hadley expresses her intent to appeal this matter to the Eleventh Circuit, and the United States "expressly recognize[s] the defendant's intent to appeal[,]" *Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 726 (11th Cir. 1992).

    **ORDERED** in Tampa, Florida on ~~May~~ June 7, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

[remainder of page left blank]

---

[1] *See id.* at 1375 ("plaintiffs did not consent to a judgment against them, but only that, if there was to be such a judgment, it should be final in form instead of interlocutory, so that they might come to this court without further delay") (citation omitted).